IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 06-cv-01822-LTB-BNB

TAF, LLC,

    Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY;
SCIL, INC.; and
SIMSOL INSURANCE SERVICES, INC.,

    Defendants

_____

ORDER
_____

    The plaintiff, TAF, LLC, in its amended complaint seeks from the defendants damages resulting from a flood. TAF's claims derive from a standard flood insurance policy ("SFIP") issued pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001 *et seq.* ("NFIA"). TAF asserts claims against Hartford Fire Insurance Company ("Hartford") for breach of contract and equitable estoppel, against Hartford and SCIL, Inc. for negligence and negligent misrepresentation, and against Simsol Insurance Services, Inc. ("Simsol") for negligent misrepresentation.

    Simsol filed a motion to dismiss, arguing that TAF's claim against it is preempted by the NFIA and that this Court lacks subject matter jurisdiction over TAF's state law claims. It cited *Stapleton v. State Farm Fire and Cas. Co.*, 11 F. Supp. 2d 1344 (M.D. Fla. 1998) for those propositions. Hartford, which issued the SFIP as a fiscal agent of the United States, 42 U.S.C. § 4071, then filed a brief in support of Simsol's motion. Hartford cited recent authority for the

proposition that the NFIA preempts all state law claims predicated upon disputes arising out the handling of claims of loss made pursuant to SFIPs. I then ordered TAF to show cause why all of its claims other than its breach of contract claim against Hartford should not be dismissed for lack of jurisdiction. Though TAF and Hartford have both briefed the preemption question, neither has addressed the jurisdiction issue. Simsol joins Hartford's arguments. For the reasons stated below, I GRANT Simsol's motion to dismiss and conclude that I have jurisdiction over the remaining claims.

## I. Allegations

The following can be discerned from TAF's enigmatic allegations and the documents appended to TAF's complaint and brief. TAF owns property in Colorado Springs, for which it procured from SCIL an SFIP, issued by Hartford. The policy declarations page described the insured property as "non-residential, two floors, no basement." It referenced the SFIP, which together with the declarations page constituted TAF's policy. The SFIP, in turn, defines "declarations page" as, "A computer-generated summary of information you provided in the application for insurance." 44 C.F.R. Pt. 61, App. A(2), Art. II(B)(10).

TAF has provided its application for insurance. In that document, TAF represented to Hartford that the building consisted of two floors, "Built on Slab at Ground Level." TAF's agent signed the application.

After a June 21, 2004 flood at the property, Simsol assessed the damages and prepared a proof of loss. Hartford paid the claim without adjustment.

On August 20, 2005, another flood caused damages to the premises. Simsol again inspected the property and produced a repair estimate. The estimate itemized in twenty-six pages

the necessary repairs to areas of the "Second Floor" and "First Floor." It also stated, "The Insurance Policy may contain, (sic) Provisions that will, (sic) reduce any payments that might be made. ... The above figures, (sic) are subject to your Insurance Carrier's Approval."

TAF retained a contractor, who performed the repair pursuant to the estimate, then submitted a proof of loss. On December 5, 2005, Hartford partially rejected the claim. It reasoned, "The Adjuster's Final Report indicates an incorrect allowance for items not covered under basement limitations. Your building estimate has been revised to reflect these corrections."

TAF alleges that Hartford breached the insurance contract in bad faith by refusing to pay the full amount of Simsol's estimate. It alleges that Hartford and SCIL acted negligently by representing in the policy that the property had no basement, which was false. And it alleges that Simsol acted negligently by supplying to it false information concerning handling of the claim.

## II. Discussion

TAF asserts that jurisdiction over the breach of contract claim attains under 42 U.S.C. § 4053 and that this Court has pendant jurisdiction over the state law claims. Hartford and Simsol argue that the state law claims are preempted under the NFIA.

### A. Failure to state claims

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *See id*. In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint

are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

42 U.S.C. § 4072 provides the remedy for claimants dissatisfied with the amount of their claim allowance: they may assert a claim for breach of contract against the Director of the Federal Emergency Management Agency ("FEMA") or his fiscal agent, which is Hartford in this case. Original, exclusive subject-matter jurisdiction over such claims vests in the United States district court for the district in which the insured property is situated.  42 U.S.C. § 4072.

42 U.S.C. § 4019 authorizes the Director of FEMA to establish the methods by which claims for losses may be adjusted and paid.  The Director has promulgated a regulation, included in each SFIP, which states, "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal common law."  44 C.F.R. Pt. 61, App. A(2), Art. IX.

TAF does not dispute that its claim against Simsol is preempted; the claim arises out of Simsol's handling of TAF's flood claim under the policy.  On the other hand, TAF argues that its claims against Hartford and SCIL for negligence and negligent misrepresentation are premised on the procurement of the policy.  Those claims are therefore not preempted because they do not arise from the handling of any claim. *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 535 (E.D. La. 2006). TAF has alleged in the alternative: if the property has a basement, then Hartford and SCIL are liable for negligence; if not, then Hartford is liable for breach of contract.

Hartford responds that the negligence and negligent misrepresentation claims are not "viable" because TAF, not Hartford, made the representation that the property had no basement.

4

Furthermore, it argues that TAF's misrepresentation caused no damages; if the building in fact has a basement, then Hartford's determination that the NFIA's basement limitation applied was correct. These arguments raise significant doubts whether TAF has stated claims upon which relief may be granted. However, unlike Simsol, Hartford has filed no Rule 12(b)(6) motion.

### B.    Jurisdiction

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Because federal courts exercise only that jurisdiction authorized under the United States Constitution and federal statutes, I am obliged to consider the question of subject-matter jurisdiction at any stage of the proceedings, whether raised by motion of the parties or on my own motion. *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1239-1240 (10th Cir. 2001); *United States v. Black Hawk Masonic Temple Ass'n, Inc.*, 798 F. Supp. 646, 647 (D. Colo. 1992).

Hartford provides no assistance in resolving the question whether I have jurisdiction over TAF's remaining state law claims. I begin with the observation that 28 U.S.C. § 1367(a) provides pendant jurisdiction over those of TAF's state law claims that are so related to its Section 4072 breach of contract claim that they form part of the same case or controversy under Article III.

In *Stapleton*, which Simsol cites, a district court considered claims by insureds for declaratory judgment, breach of contract, fraud in the inducement, and unfair trade practices. After the insurer denied coverage for flooding of the lower floor of the insureds' property, the insureds alleged that they had detrimentally relied upon misrepresentations of the insurer's agent concerning coverage under the policy. On the insurer's and agent's motions to dismiss and strike,

the court concluded that the NFIA preempted the insureds' state law claims. *Stapleton*, 11 F. Supp. 2d at 1347. The court reasoned,

> Section 4053 provides that an insured may implement a cause of action on a "claim" on the policy when the claim has been "disallowed." Nowhere is there explicit language indicating or referring to other causes of action that may arise out of a claims investigation. Since Congress intended to choose such narrow language when it drafted the NFIA, neither the plain language nor the object of the policies of the NFIA provides for subject matter jurisdiction for state law causes of action arising out of flood insurance policies.

*Id.* at 1346-1347 (citations omitted).

The *Stapleton* court did not address the question of jurisdiction under Section 4072, the provision at issue here. Nor did it consider the question whether it had supplemental jurisdiction over the state law claims arising out of the purportedly fraudulent policy procurement. It cited *Van Holt v. Liberty Mut. Fire Ins. Co.*, 143 F.3d 783 (3d Cir. 1998) ("*Van Holt I*") for its conclusion that it had no jurisdiction. *Stapleton*, 11 F. Supp. 2d at 1347.

In *Van Holt I* a panel of the Third Circuit ordered dismissed for lack of subject-matter jurisdiction a complaint alleging that a flood insurer violated New Jersey tort law during its investigation and adjustment of a claim under the NFIA. *Van Holt I*, 143 F.3d at 789. The court explained, "Neither the plain language nor the object and policies of the NFIA and its regulations tend to show that Congress intended to provide for subject-matter jurisdiction for state-law torts arising out of flood insurance polices." *Id.* at 788.

A few months after issuing their *Van Holt I* decision, the panel reversed course in *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998) ("*Van Holt II*"), vacating its prior opinion and holding that the district court had jurisdiction over the claims pursuant to Section 4072. *Id.* at 167. The court observed that the insureds did not expressly allege breach of

contract, but concluded that their lawsuit should nevertheless be deemed an action subject to the NFIA against FEMA's agent. *Id*.

Significantly for resolution of the question before me, the *Van Holt II* court concluded that a suit against FEMA's fiscal agent – the insurer – constitutes a suit against FEMA for jurisdictional purposes under Section 4072. *Ibid* at 166-167. The court noted that insurers act as FEMA's fiscal agents and that FEMA bears all the financial costs and risks under the flood insurance program. It concluded that a lawsuit against an agent-insurer "is, in reality, a suit against FEMA." *Id*. at 167. Other courts have agreed with this conclusion. *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006); *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 947 (6th Cir. 2002). *See also*, *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 369 F.3d 376, 379-380 (4th Cir. 2004) (finding jurisdiction under 28 U.S.C. § 1331); *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 680 (7th Cir. 2001) (same); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1308 (11th Cir. 2001) (same).

Finally, in *Stanton v. State Farm Fire and Cas. Co., Inc.*, 78 F. Supp. 2d 1029 (D.S.D. 1999), a district court noted the *Van Holt II* holding but declined to follow that decision, opining in dicta that jurisdiction under Section 4072 extends only to claims against FEMA founded on disallowance of a flood insurance claim. *Id*. at 1034. However, diversity jurisdiction adhered under 28 U.S.C. § 1332, so the issue was moot. *Id*.

*Stapleton*, *Van Holt II*, and *Stanton* all preceded the Director's promulgation of the preemption provision in 44 C.F.R. Pt. 61, App. A(2), Art. IX. Nevertheless, I find nothing in those cases or the regulation which prohibits pendant jurisdiction over claims not arising out of the handling of a claim but related to a claim under Section 4072. Here, many of the same factual

questions underlay the Section 4072 claim and the negligence and negligent misrepresentation claims, such that the claims, pled in the alternative, form part of the same case or controversy under Article III. Jurisdiction exists.

Accordingly, it is ORDERED that:

1) Simsol's motion to dismiss [#8] is GRANTED; and

2) the claim against Simsol is DISMISSED.

Dated: February __23__, 2007, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge