IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 06-cv-01822-LTB-BNB

TAF, LLC,

    Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY; SCIL, INC.; and SIMSOL INSURANCE SERVICES, INC.,

    Defendants

_____

ORDER
_____

    The plaintiff, TAF, LLC, in its amended complaint seeks damages resulting from a flood. TAF's claims derive from a standard flood insurance policy ("SFIP") issued pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001 *et seq.* ("NFIA"). TAF asserted claims against Hartford Fire Insurance Company ("Hartford") for breach of contract and equitable estoppel, against Hartford and SCIL, Inc. for negligence and negligent misrepresentation, and against Simsol Insurance Services, Inc. ("Simsol") for negligent misrepresentation. I previously granted Simsol's motion to dismiss the claim against it, concluding that the NFIA preempted the claim. I also concluded that I possess subject matter jurisdiction over the remaining claims.

    Hartford now moves pursuant to Fed. R. Civ. P. 12(c) for partial judgment on the pleadings on the ground that the equitable estoppel, negligence, and misrepresentation claims are preempted. Additionally, Hartford moves to quash TAF's jury demand. The motions are adequately briefed and oral argument would not materially aid their resolution. For the reasons

stated below, I GRANT IN PART and DENY IN PART the motion for judgment on the pleadings and GRANT IN PART and DENY IN PART the motion to quash.

**I. Allegations**

I repeat my previous recitation of TAF's allegations, drawn from TAF's complaint and the documents appended to TAF's complaint and brief. TAF owns property in Colorado Springs, for which it procured from SCIL an SFIP, issued by Hartford as a Write-Your-Own ("WYO") delegate of the Federal Emergency Management Agency ("FEMA"), which administers the SFIP program. TAF has provided its application for insurance. In that document, TAF represented to Hartford that the building consisted of two floors, "Built on Slab at Ground Level." TAF's agent signed the application.

The ensuing policy declarations page described the insured property, consistent with TAF's application, as "non-residential, two floors, no basement." It referenced the SFIP, which together with the declarations page constituted TAF's policy. The SFIP, in turn, defines "declarations page" as, "A computer-generated summary of information you provided in the application for insurance." 44 C.F.R. Pt. 61, App. A(2), Art. II(B)(10).

After a June 21, 2004 flood at the property, Simsol assessed the damages and prepared a proof of loss. Hartford paid the claim without adjustment.

On August 20, 2005, another flood caused damages to the premises. Simsol again inspected the property and produced a repair estimate. The estimate itemized in twenty-six pages the necessary repairs to areas of the "Second Floor" and "First Floor." It also stated, "The Insurance Policy may contain, (sic) Provisions that will, (sic) reduce any payments that might be made. ... The above figures, (sic) are subject to your Insurance Carrier's Approval."

2

TAF retained a contractor, who performed the repair pursuant to the estimate, then submitted a proof of loss. On December 5, 2005, Hartford partially rejected the claim. It reasoned, "The Adjuster's Final Report indicates an incorrect allowance for items not covered under basement limitations. Your building estimate has been revised to reflect these corrections."

TAF alleges that Hartford breached the insurance contract in bad faith by refusing to pay the full amount of Simsol's estimate. And it alleges that Hartford and SCIL acted negligently by representing in the policy that the property had no basement, which was false.

## II. Judgment on the pleadings

The parties do not dispute that TAF's contract claim against Hartford is properly asserted against Hartford under the NFIA. 42 U.S.C. § 4072 authorizes claimants dissatisfied with the amount of their claim allowance to assert a claim for breach of contract against the Director of FEMA or his fiscal agent, which is Hartford in this case. Original, exclusive subject-matter jurisdiction over such claims vests in the United States district court for the district in which the insured property is situated. 42 U.S.C. § 4072.

### A.   Preemption

Hartford offers several arguments for its conclusion that the state-law tort claims are preempted under 42 U.S.C. § 4019 and 44 C.F.R. Pt. 61, App. A(2), Art. IX., which make federal-law remedies the exclusive bases for resolving disputes arising out of the handling of claims. It cites *West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 (9th Cir. 2000), and other decisions for the rule that all claims arising out of claims handling must either comply with the requirements of NFIA or else be preempted. It cites *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S. Ct. 1, 92 L. Ed. 10 (1947) and

*Heckler v. Community Health Svcs. of Crawford County, Inc.*, 467 U.S. 51, 64, 104 S. Ct. 2218, 81 L. Ed. 2d 42 (1984) for the proposition that TAF bears the burden of its ignorance of property damage claims requirements. Finally, it cites language from the SFIP making TAF responsible for properly submitting its proof of loss.

All of these arguments miss the issue entirely. As I noted in my previous order, TAF's tort claims arise not from the handling of any property damage claim but rather from the allegedly wrongful procurement of the policy describing the premises as having no basement. That the NFIA preempts state law claims arising out of claims handling is therefore irrelevant to the issue before me. *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796-797 (5th Cir. 1993); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534-535 (E.D. La. 2006).

Hartford replies that all of TAF's claims, including the tort claims, arise from its handling of TAF's property damage claims. It asserts, "The determinative issue, i.e. basement or no basement, requires the application of the terms of the Plaintiff's SFIP." Defendant Hartford Fire Insurance Company's Response Memorandum to Plaintiff's Opposition to Hartford's Motion for Judgment on the Pleadings and Plaintiff's Opposition to Motion to Quash Jury Demand ("Reply Brief"), 2. This argument is patently meritless. It should be obvious that the question whether the property has a basement turns on the existence or non-existence of a basement.

Equally prosaic is the axiom that I am obliged *both* to accept TAF's allegations as true and to read those allegations in the light most favorable to TAF. *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). Read in the light most favorable to TAF, the allegations are that Hartford, wrongfully characterizing some portion of the damaged premises as a basement, failed to pay the full amount to which TAF was entitled under the SFIP.

Alternatively, TAF alleges that the property has a basement, in which case Hartford wrongfully procured a policy with a basement limitation. I am not free to construe these latter, alternative allegations as arising out of the handling of the claim.

Next, Hartford asserts that it issued the policy based upon information that TAF supplied concerning the premises. Hartford argues, for the first time in its reply brief, "Because the policy was issued with information obtained from the Plaintiff, the only issue remaining is how the SFIP will be applied." Reply Brief, 4. One might have expected Hartford to argue that the allegations, taken together with TAF's application for insurance stating that the building consist of two floors built on a slab at ground level, fail to state claims against Hartford for negligence and negligent misrepresentation. Enigmatically, Hartford has not made that argument. Instead, Hartford continues to insist that TAF's tort claims must be construed as arising out the handling of TAF's property damage claim, and are therefore preempted. However, I am obligated to construe the allegations TAF has included in its complaint, not Hartford's understanding of what allegations would be most reasonable.

Hartford cites an unpublished district court decision, *Oaks v. Allstate Ins. Co.*, 2006 WL 3328179 (E.D. Ky. 2006), for the proposition that I must construe all of TAF's claims as claims for breach of contract under the NFIA. *Oaks* is inapposite for at least two reasons. First, the *Oaks* dispute was before the court on cross motions for summary judgment and the court found critical the plaintiff's inability to identify any authority in the factual record for his allegation that the defendant insurance company had inspected his home before recommending and issuing a policy. *Oaks*, 2006 WL 3328179 at *1. Second, the court determined, based upon the factual record before it, that the lower level of the plaintiff's home actually consisted of a basement, as

5

that term was identified in the SFIP. *Id*. at 2. I have no grounds for making any similar determinations at this stage of these proceedings.

### B.     Equitable estoppel

Hartford asserts that the claim for equitable estoppel is barred under *Office of Personnel Management v. Richmond*, 496 U.S. 414, 110 S. Ct. 2465, 110 L. Ed. 2d 387 (1990). It points out that damages TAF might recover will be paid out of the United States Treasury; estoppel would prohibit Hartford from partially denying the claim on FEMA's behalf. Hartford asserts that the Appropriations Clause prohibits the use of estoppel to achieve that result. TAF does not address this issue in its brief.

In the *Richmond* decision, the Supreme Court ruled that the Appropriations Clause of the United States Constitution, Art. I, § 9, cl. 7, prohibits the use of estoppel against the government to obtain the payment of any monies not appropriated for the requested end. Thus, erroneous advice rendered by a government employee to a claimant could not premise entitlement to a payment not otherwise authorized by law. *Richmond*, 496 U.S. at 424-425. The Court declined to establish a rule prohibiting all use of estoppel. *Id*. at 426. Instead, the Court ruled that "judicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized." *Id*.

The *Richmond* Court identified two purposes of the Appropriations Clause: first, to prevent fraud and corruption and second, "to assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to the individual favor of Government agents or the individual pleas of litigants." *Ibid* at 427-428. Nothing in the complaint implicates the first purpose; TAF does not suggest

collusion. However, this case goes directly to the latter purpose. If, as TAF alleges, Hartford or its agents misstated the property's description, and thus misadvised TAF concerning the most efficacious insurance coverage to purchase, the burden of any such misstatement cannot fall upon the American taxpayer. That result would "render the Appropriations Clause a nullity." *Id*. at 428.

> If agents of the Executive were able, by their unauthorized oral or written statements to citizens, to obligate the Treasury for the payment of funds, the control over public funds that the Clause reposes in Congress in effect could be transferred to the Executive. If, for example, the President or Executive Branch officials were displeased with a new restriction on benefits imposed by Congress to ease burdens on the fisc (such as the restriction imposed by the statutory change in this case) and sought to evade them, agency officials could advise citizens that the restrictions were inapplicable. Estoppel would give this advice the practical force of law, in violation of the Constitution.

*Id*.

In *Downtown Medical Center/Comprehensive Health Care Clinic v. Bowen*, 944 F.2d 756 (10th Cir. 1991), the Tenth Circuit followed the *Richmond* decision and declined to estop the Secretary of Health and Human Services and a private insurer, which processed Medicare claims on the Secretary's behalf, from denying the plaintiff's reimbursement claim. The insurer had provided to the plaintiff incomplete or misleading information concerning coverage for certain of the plaintiff's services. *Bowen*, 944 F.2d at 771. Nevertheless, the court noted its inability to "estop the Constitution." *Id*.

As *Richmond* and *Bowen* make clear, TAF's estoppel claim cannot survive the Appropriations Clause. It is therefore dismissed.

**III. Jury demand**

Citing *Sandia Oil Co. v. Beckton*, 889 F.2d 258 (10th Cir. 1989) and other decisions, Hartford argues that TAF is not entitled to a jury trial. It asserts that the Seventh Amendment jury trial right does not apply to claims for payment out of the United States Treasury. TAF does not address whether its NFIA claim comes under the Seventh Amendment, but insists that its state-law claims are against Hartford in its individual capacity, not as an agent of FEMA, and that any damages accruing on those claims will not be paid out of federal funds.

In *Sandia Oil*, the Tenth Circuit affirmed an entry of summary judgment in the plaintiff's favor and reversed that portion of the judgment awarding post-judgment interest. The court noted that the United States is generally immune from awards of interest. *Sandia Oil*, 889 F.2d at 261. It reviewed 42 U.S.C. § 4072 and concluded that the NFIA contains no waiver of this immunity. *Id*. at 262. It then rejected the argument that the government had cast off the cloak of immunity by giving FEMA's flood insurance program the status of a commercial enterprise. In support of this ruling, it noted (in dicta), "Section 4072's waiver of immunity has been strictly construed not to allow a jury trial against the government." *Id*.

The *Sandia Oil* decision, and rulings consistent with its dictum, makes clear that no jury trial right attaches to TAF's breach of contract claim under the NFIA because that claim is against the federal government and the government has not waived its immunity from jury trial. *Kolner v. Federal Emergency Management Agency*, 547 F. Supp. 828, 830 (N.D. Ill. 1982); *Reeder v. Nationwide Mut. Fire Ins. Co.*, 419 F. Supp. 2d 750, 766 (D. Md. 2006); *Latz v. Gallagher*, 550 F. Supp. 257 (W.D. Mich. 1982); *Yonker v. Guifrida*, 581 F. Supp. 1243, 1245-1246 (D.W. Va.

1984). However, this does not resolve the question whether the state-law tort claims may go to a jury.

District courts have found that tort claims against SFIP providers do not implicate the payment of federal funds and may be tried to a jury. *Reeder*, 419 F. Supp. 2d at 766; *Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 737 (E.D.N.C. 2000). Unlike TAF's estoppel claim, which I dismiss, its tort claims do not implicate federal funds because they allege wrongful conduct by Hartford. The Fifth Circuit has concluded, following reasoning that I find persuasive, that WYO insurers such as Hartford are responsible for their own tortious conduct and that federal funds may not be used to cover liability for such conduct. *Spence*, 996 F.2d at 796-797. *See also*, *Bleecker*, 130 F. Supp. 2d at 733. TAF is thus entitled to a jury trial on those claims. *Id*. at 737.

Accordingly, it is ORDERED that:

1) Hartford's motion for judgment on the pleadings [#58] is GRANTED IN PART and DENIED IN PART;

2) Hartford's motion to quash the jury demand [#60] is GRANTED IN PART and DENIED IN PART;

3) TAF's equitable estoppel claim is dismissed; and

4) TAF's jury demand is stricken as to the breach of contract claim under the NFIA, but not as to the tort claims.

Dated: May  7 , 2007 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge